384 A.2d 1226

Stephen SPEARE and Van Buren Homes, Inc., Appellants,

v.

COMMONWEALTH of Pennsylvania, Pennsylvania HUMAN RELATIONS COMMISSION.

Supreme Court of Pennsylvania.

Argued Jan. 12, 1978.
Decided April 28, 1978.

Joseph M. Stanichak, Aliquippa, for appellants.

Mark A. Senick, Marc Kranson, Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

PER CURIAM.

On October 29, 1973, the Pennsylvania Human Relations Commission found that appellants, Van Buren Homes, Inc. and Stephen Spearc, President, by systematically confining Black residents and applicants solely to dwelling units on two streets within the Van Buren Homes Development, engaged in unlawful discriminatory practices in violation of Section 5(h) of the Pennsylvania Human Relations Act. Act of October 27, 1955, P.L. 744, § 5(h), as amended, 43 P.S. § 955(h) (Supp. 1977–78). On November 8, 1973, the Commission ordered appellants to cease their unlawful discriminatory practices and designed a detailed and comprehensive plan to eliminate existing discrimination in the development and to ensure future compliance with the Act. The Commonwealth Court unanimously affirmed the Commission's final order and we granted appellant's request to appeal to this Court.*

Appellants raise the following arguments:

(1) The Pennsylvania Human Relations Commission allegedly exceeded their scope of authority in allowing the complaint to be amended on the day of the hearing, changing the wording "non-white" to "black".

(2) The evidence presented allegedly does not support the findings of fact and conclusions of law found in the Commission's adjudication.

(3) The Commission's final order is allegedly void and unenforceable as being arbitrary, burdensome and beyond the authority of the Commission.

(4) A non-profit cooperative housing corporation allegedly does not engage in "commercial housing" under the Pennsylvania Human Relations Act.

We find these arguments to be without merit and affirm the Order of the Commonwealth Court. *Pennsylvania Hu-*

---

* Our jurisdiction in this case is based on the Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, No. 223, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp.1977–78).

*man Relations Commission v. Alto-Reste Park Cemetery Association,* 453 Pa. 124, 133, 306 A.2d 881, 887 (1973); *Pennsylvania Human Relations Commission v. Chester School District,* 427 Pa. 157, 233 A.2d 290 (1967).